DECISION OF DISMISSAL
This matter is before the court on Defendant's motion to dismiss, included in its Answer, filed February 18, 2011, stating that Plaintiffs' Complaint should be dismissed because it was filed "outside the 90 day filing deadline as prescribed in ORS 305.275 and ORS 305.280." (Def's Answer at 2.) Plaintiffs filed their "Response to Defendant's Motion to Dismiss and Request for Oral Argument" (Response) on April 21, 2011. Plaintiffs' Response included an affidavit from Blythe Berselli (Berselli), President of Evergreen Vintage Aircraft, Inc. and member of both Boards of Directors for the Michael King Smith Foundation and the Captain Michael King Smith Evergreen Educational Institute. (Aff of Berselli at 1.) Defendant filed its "Response to Plaintiff[s'] Response Dated April 20, 2011", (Reply) on April 29, 2011. At Plaintiffs' request, oral argument was scheduled for May 16, 2011. Plaintiffs failed to appear. The court relies on the written pleadings in making its determination.
The parties agree that Defendant provided a copy of a letter dated July 12, 2010, notifying the Captain Michael King Smith Evergreen Educational Institute that Account 523942 was disqualified from property tax exemption for tax year 2010-11. (Ptfs' Resp, Ex A.) The notification was addressed to 3850 Three Mile Lane, Attn. Tax Department, McMinnville, OR 97128. (Id.) The same address appeared on Plaintiffs' application for real and/or personal *Page 2 
property tax exemption filed March 23, 2007. (Def's Reply at 2, 4.) A second application was filed on March 31, 2011, stating the same address, with the exception that "Attn: Blythe Berselli" replaced "Attn: Tax Department." (Def's Reply at 2, 5.) Defendant states that the July 12, 2010, disqualification letter was "sent via US Mail * * * [and] was not returned as undeliverable." (Def's Answer at 3.) Berselli stated that the "notice from Yamhill County dated July 12, 2010[,] * * * was never received by the Captain Michael King Smith Evergreen Educational Institute nor was it received by Evergreen Vintage Aircraft, Inc." (Aff of Berselli at 1.) Berselli stated that "[t]he notice was not sent to the correct address." (Id.) Further, Berselli stated that:
 "The only notice that Yamhill County had taken any action to affect the exemption status of the account was the tax statement received by Evergreen Vintage Aircraft, Inc. after October 15, 2010 showing a significant increase in the taxable value for the property."
(Id.)
The parties agree that Plaintiffs are appealing from an act of Defendant, the county assessor, and Plaintiffs have no other statutory right of appeal. ORS 305.275 (1)(a)(C), (1)(b), and (1)(c).[1]
Plaintiffs allege that their Complaint was timely filed because their Complaint was "filed within 90 days of receipt of the 2010-11 [property] tax statement." (Ptf's Resp at 3.) That property tax statement showed a change in the exemption for the property. The property tax statement was the first knowledge that plaintiffs had of "the actions taken by [D]efendant." (Id.) Plaintiffs submitted no evidence as to when the 2010-11 property tax statement was received by Plaintiffs. *Page 3 
ORS 305.280(1) provides that "[e]xcept as otherwise provided in this section, an appeal under ORS 305.275(1) or (2) shall be filed within 90 days after the act, omission, order or determination becomes actually known to the person, but in no event later than one year after the act or omission has occurred, or the order or determination has been made." Plaintiffs state that their "complaint was filed within 90 days of the actual knowledge of the actions of [D]efendant as provided by ORS 305.280." (Ptf's Resp at 4.) Berselli states that "the tax statement [was] received by Evergreen Vintage Aircraft, Inc. after October 15, 2010 showing a significant increase in the taxable value for the property." (Aff of Berselli at 1.) Plaintiffs admit that the property tax statement provided Plaintiffs with actual knowledge that Defendant had taken some action. There is no evidence submitted by Plaintiffs stating when Plaintiffs received the property tax statement. The actual date Plaintiffs received the property tax statement is a critical fact. The date of receipt of the property tax statement marks the date Plaintiffs admit having actual knowledge and starts the 90 day period for filing an appeal. The court does not know if *Page 4 
Plaintiffs' Complaint was filed within 90 days[2] of the receipt of the property tax statement. Plaintiffs have the burden of proof and have not met the statutory requirements. Now, therefore
IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted.
Dated this ___ day of June 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Presiding Magistrate Jill A. Tanneron June 21, 2011. The Court filed and entered this documenton June 21, 2011.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009.
[2] Plaintiffs' Complaint was postmarked January 19, 2011. From November 1, 2010, to the postmark date is 80 days. The number of days Plaintiffs received the property tax statement before the end of October is the number of days that must be added to 80 days to determine if Plaintiffs have met the statutory filing requirement. The date the property tax statement was received was not stated in the sworn affidavit of Berselli. *Page 1